**Frank STREETER, Plaintiff,**

v.

**BOARD OF TRUSTEES OF the CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA, and the Construction Laborers Pension Trust for Southern California, Defendants.**

**No. 77–1069–AAH.**

United States District Court, C. D. California.

Aug. 22, 1977.

Julius Wesson, Legal Aid Foundation of Los Angeles, Los Angeles, Cal., and Gill Deford, Bruce K. Miller, National Senior Citizens Law Center, Los Angeles, Cal., for plaintiff.

James Wolf, Los Angeles, Cal., Kenneth J. Sackman, Robert W. Gilbert, Beverly Hills, Cal., for defendants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH RESPECT TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

HAUK, District Judge.

This cause having come before the Court, and having heard counsel, having heard the Motion for Summary Judgment, the Points and Authorities thereon, and all other pleadings, papers and documents on file herein, this Court makes the following findings of fact and conclusions of law:

*Findings of Fact*

1. Defendant, Construction Laborers Pension Trust for Southern California was created pursuant to a collective bargaining agreement between the Southern California District Council of Laborers, affiliated locals, various employer associations and individuals employing construction laborers, and pursuant to the Agreement and Declaration of Trust Establishing the Construction Laborers Pension Trust for Southern California.

2. Defendants, Board of Trustees of the Construction Laborers Pension Trust for Southern California, is made up of an equal number of trustees representing the employers and trustees representing the employees.

3. The Pension Plan of the Construction Laborers Pension Trust for Southern California was established by the Trustees pursuant to the Agreement and Declaration of Trust.

4. The Agreement and Declaration of Trust establishing the Construction Labor-

ers Pension Trust for Southern California at Article 7, Section 7.08 states:

"No employee, retired employee, or other beneficiary shall have any right or claim to benefits under the Pension Plan other than as specified in such Plan."

5. Plaintiff, Frank Streeter, applied for a Disability Pension Benefit from the Construction Laborers Pension Trust for Southern California on August 2, 1976.

6. The Department of Health, Education, and Welfare Social Security Administration found Amos Tomlin totally disabled by Certificate of Social Insurance Award dated July 9, 1976, effective July, 1975.

7. By letter of August 5, 1976, Plaintiff was advised by the Plan Administrator that he needed 15 years of credited service in the Southern California area to qualify for a total disability pension.

8. By letter of November 1, 1976, the Committee for the Rights of the Disabled requested reconsideration on behalf of Mr. Streeter.

9. That letter was referred to legal counsel for the Trust, Mr. James Wolf, who responded in a letter dated November 12, 1976, reiterating the Trust's position that 15 years of credited service was required for a disability pension.

10. By letter dated January 24, 1977, the Plan Administrator notified Mr. Streeter that an appearance was scheduled for him to appear before the Pension Committee regarding his claim for benefits on February 1, 1977.

11. By letter of January 26, 1977, Mr. Wolf informed Mr. Gill Deford of the National Senior Citizens Law Center, attorney for Mr. Streeter, that Mr. Streeter had been credited with 9¹¹/₁₂ years of service under the jurisdiction of the Southern California Trust and that therefore, in that he had failed to complete 15 years of credited service he was not eligible for a disability pension.

12. In a letter of January 27, 1977, Mr. Deford, attorney for Plaintiff, requested that the scheduled February 1, 1977 meeting be cancelled.

13. According to Section 6.07 of the Plan, pro rata pensions have always been based only upon Normal or Early Retirement Pensions under Section 2.02 or 2.03 of the Pension Plan.

14. Pro rata pensions have never been allowed under the rules of the Construction Laborers Pension Trust for Southern California for disability circumstances.

15. Prior to 1970, the Pension Plan contained no provisions regarding disability pensions of any kind.

16. In 1970, the Trustees desired to add provisions regarding disability pensions to the benefits available to the participants in the Trust.

17. In 1970, the Trustees of the Construction Laborers Pension Trust Fund for Southern California were specifically advised by their actuary, Allen Arnold, not to extend pro rata pensions to include disability circumstances, because of the difficulty of determining the full impact of the extension of disability benefits upon the actuarial soundness of the Trust.

18. The Trustees, in an effort to preserve the actuarial soundness of the Trust and not plunge the Trust unnecessarily into a possible precarious financial condition, accepted the recommendation of their actuary to not grant pro rata disability pensions; and at the same time to keep open the possibility of expanding benefits after a review of the experience with disability pensions.

19. The review of the disability program in 1972 established that disability rates were 7 times higher than originally expected.

20. Because of the exceptionally high disability rates, the financial condition of the Trust was not satisfactory.

21. Because of the unsatisfactory position of the Trust at that point in time, the Trustees accepted the recommendation of their actuary that disability benefits not be extended to pro rata situations.

22. In 1973, disability benefits were reduced to conform with their actuarial equivalent basis.

23. A recession in the Building Trades industry, resulting in lower contributions to the Fund, and amendments necessary to comply with the Employee Retirement Income Security Act have maintained the unsatisfactory position of the Fund so that the Trustees necessarily decided not to expand benefits in any manner.

24. The conferral of pro rata disability pensions at this time would adversely affect the financial and actuarial soundness of the Pension Trust.

█ 25. The decision of the Trustees to not provide for pro rata disability pensions at the inception of the disability program was reasonable and not arbitrary and capricious.

26. The continued decision by the Trustees not to provide for pro rata disability pensions has been reasonable and not arbitrary and capricious.

27. No facts exist upon which to establish Plaintiff's eligibility for a pension according to the terms of the Pension Plan.

### Conclusions of Law

1. No facts exist upon which to establish Plaintiff, Frank Streeter's eligibility for a pension according to the terms of the Pension Plan.

2. Considerations involving actuarial soundness inevitably require substantial expertise. Such considerations played little or no part in the trustee decisions under review in *Lee v. Nesbitt*, 453 F.2d 1309 (9th Cir. 1972) and *Burroughs v. Board of Trustees*, 542 F.2d 1128 (9th Cir. 1976) *cert. denied*, 429 U.S. 1096, 97 S.Ct. 1113, 51 L.Ed.2d 543 (1977).

█ 3. Preservation of the actuarial soundness of the Pension Plan is obviously a legitimate plan purpose and may properly serve as the basis for the Trustee's decision to adopt (or not to adopt) a particular eligibility condition for benefits. Defendants' decision to establish a disability pension program without providing for pro rata disability pensions was motivated by a desire to protect the actuarial soundness of the Plan. Where actuarial considerations form the sole basis of their decision, the Trustees may, barring a showing, not made here, that their actuary was either not professionally qualified or otherwise negligently retained, accept such recommendations as their actuary may make, and without further investigation, adopt these recommendations as their own decision. If reached in this manner, the Trustees' decision to adopt an eligibility condition is made under good faith belief that the condition protects the actuarial soundness of the Plan.

4. The Trustees' decision to establish a disability pension program without providing for pro rata disability pensions was made in reliance on their actuary's recommendation that such benefits not be offered. This decision was accordingly made in good faith and is supported by a rational basis. Consequently, the Trustees have not acted arbitrarily or capriciously, within the meaning of Section 302(c)(5), in establishing and maintaining a disability pension program, which does not provide for pro rata disability pensions.

5. No facts exist upon which to establish that the applicable Rules and Regulations of the Pension Plan have been established in an arbitrary and capricious manner in violation of Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)).

6. No facts exist upon which to establish that the Board of Trustees of the Construction Laborers Pension Trust for Southern California have operated said Trust in an arbitrary and capricious manner in violation of Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)).

7. Any findings of fact which may be determined as conclusions of law is hereby adopted as such.

8. There is no genuine issue established as to any material facts and therefore Defendants' Motion for Summary Judgment is hereby granted.